UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GLORIA E. JONES-KHAN,

                Plaintiff,

      -against-

WESTBURY BOARD OF EDUCATION – PLESS
DICKERSON, *et al.*,

                Defendants.
----------------------------------------------------------------X

**ORDER**
21-CV-03908 (JMA) (JMW)

**WICKS,** Magistrate Judge:

      Plaintiff Gloria E. Jones-Kahn, proceeding *pro se*, commenced this action asserting, *inter alia*, various claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and New York State Human Rights Law ("NYHRL"), New York Executive Law §§ 296 *et seq.*, against Defendants—a school district, its board, and number of its employees. In anticipation of moving to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), Defendants have filed a letter requesting a pre-motion conference before the Honorable Judge Joan M. Azrack. (DE 6.) Likewise, Defendants have moved this Court to stay discovery pending the resolution of their motion to dismiss. (DE 16.) Plaintiff opposes Defendants' motion to stay discovery. (DE 19, 20.) For the reasons that follow, Defendants' motion to stay is GRANTED.

## FACTUAL BACKGROUND

      As alleged in the complaint, Plaintiff—an African-American female who, at the time relevant to this action, was over the age of sixty—received her provisional Public School Teacher certification on September 1, 2008. (DE 1 at 5.) Following her certification, Defendant Westbury Board of Education hired Plaintiff as a permanent substitute teacher. (*Id.* at 6.) Plaintiff alleges that Defendants knew that she was qualified for this position based on her valid teaching certification. (*Id.*)

      In 2010, "members of the [District's] administration" asked Plaintiff to write a "negative reference letter" against a former administrator, Mr. Powell, who was at the time subject to disciplinary proceedings. (*Id.* at 7.) Rather than write the letter, Plaintiff voiced her opposition to the proceedings, aiding Mr. Powell

in his defense of the claims asserted against him. (*Id.*) Defendants Zimbler and Crawford—principal and vice principal of Westbury Middle School—knew of Plaintiff's support of Mr. Powell. (DE at 3, 8.) Plaintiff alleges that, based on her support of Mr. Powell, Defendant Westbury Board of Education sought to demote or terminate Plaintiff. (*Id.* at 8.) Ultimately, Plaintiff was terminated because the middle school no longer needed permanent substitute teachers, but she was informed that she could apply for a per diem substitute teacher position. (*Id.* at 9.) Plaintiff soon discovered, however, that another individual was hired as a substitute teacher in her place. (*Id.* at 10.) Plaintiff threatened to file a charge of discrimination against Defendant Westbury School Board of Education and was, as a result, rehired as a permanent substitute teacher. (*Id.*)

On February 14, 2013, Defendant Zimbler held a closed-door meeting with Plaintiff and several administrators. (*Id.* at 11.) In this meeting, Defendant Zimbler "verbally attacked [Plaintiff] for [her] opposition to [the District's] discriminatory conduct" and "endeavored to belittle, berate[,] and otherwise harass [her] for no legitimate reason." (*Id.*) Moreover, Defendant Salazar, the District's investigator, intimidated Plaintiff by slamming his hands on a table, placing his hand on his gun, and telling Plaintiff to sign certain papers detailing the culpability of Mr. Powell. (*Id.*) Plaintiff alleges that this conduct was motivated by discriminatory animus and retaliation, namely based on her nationality and age. (*Id.* at 12.) Plaintiff further alleges that, at some point, Defendant Zimbler and Defendant Crawford told Plaintiff that she was "too old to do the job and [that she was] a problem to everyone" at the school. (*Id.*)

Somewhat perplexingly, Plaintiff then alleges that she reported Defendant Zimbler's behavior to Defendant Crawford, who responded that she could not worry about Plaintiff's issues and that she should support the school in its case against Mr. Powell rather than support him. (*Id.* at 13.) Despite escalating her complaints to the Defendant Westbury Board of Education, no investigatory or remedial action was taken. (*Id.* at 13–14.) On March 8, 2013, Defendant Westbury Board of Education terminated Plaintiff. (*Id.* at 14.) Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which issued her a Right to Sue letter on September 20, 2013. (*Id.* at 2.)

Plaintiff commenced an employment discrimination action—nearly identical to the present action—on December 12, 2013 (the "2013 action") against Defendant Westbury Board of Education and Defendant Zimbler, asserting the following claims: (1) disparate treatment and failure to promote based on race, in violation of Title VII; (2) disparate treatment and failure to promote based on age, in violation of the ADEA; (3) retaliatory discharge in violation of Title VII; (4) discrimination based on age and race, in violation of the NYSHRL; and (5) breach of contract under New York state law. *Jones-Khan v. Westbury Bd. of Educ.-Westbury Union Free Sch. Dist.*, No. 13-CV-7144 (JS) (GRB), 2015 WL 1529839, at *1 (E.D.N.Y. Mar. 31, 2015) ("*Jones-Khan I*"). That case, before the Hon. Joanna Seybert, was dismissed with prejudice in its entirety, partially at the motion to dismiss stage, *id.*, and with the remainder at the summary judgment stage, *Jones-Khan v. Westbury Bd. of Educ.-Westbury Union Free Sch. Dist.*, No. 13-CV-7144 (JS) (GRB), 2017 WL 1483522 (E.D.N.Y. Apr. 25, 2017) ("*Jones-Khan II*"). On July 12, 2021, Plaintiff—nearly eight years after filing her first suit—filed the present action which, as noted above, is nearly identical to the 2013 action. (DE 1.)

## DISCUSSION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533 (SLT) (MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). Indeed, stays of discovery would appear antithetical to Rule 1's pronouncement of "speedy" determinations of all civil actions. *See* Fed. R. Civ. P. 1. In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider "(1) whether the defendant has made a strong showing

3

that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

Defendants point to a medley of procedural deficiencies in Plaintiff's complaint which, as they argue, render her claims fruitless. Specifically, Defendants contend that (1) Plaintiff's claims are barred by *res judicata* and collateral estoppel; (2) neither Title VII nor the ADEA provide for individual liability, precluding Plaintiff's claims against the individual Defendants; and (3) each of Plaintiff's state law claims are time-barred. (DE 18 at 9–13.) Moreover, Defendants posit that good cause exists to warrant the stay, which Plaintiff will not be prejudiced by, given that the parties have already "gone through discovery on identical facts that underl[ie] these claims." (*Id.* at 13 (capitalization altered).)

Defendants have made a strong showing that Plaintiff's claims lack merit.[1] *First*, given the outcome of the 2013 action where each of her claims—nearly identical to those asserted here—were dismissed, Plaintiff's present claims appear to be barred by *res judicia* and collateral estoppel. The doctrine of *res judicata*, colloquially known as claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. N.Y. City. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (internal quotation marks and citation omitted). The related doctrine of collateral estoppel, often referred to as issue preclusion, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Zapata v. HSBC Holdings PLC*, 414 F. Supp. 3d 342, 348 (E.D.N.Y. 2019) (internal quotation marks and citation omitted). As noted above, Plaintiff's 2013 action featured nearly identical claims, supported by the same factual

---

[1] To be clear, the Court is not in any way prejudging the anticipated motion to dismiss, but is merely considering its plausibility based upon Defendants' pre-motion letter (DE 6) for purposes of weighing whether a stay should be granted.

4

allegations, as the present case. (*Compare* DE 1 *with Jones-Khan v. Westbury Bd. of Educ.-Westbury Union Free Sch. Dist.*, 13-CV-07144 (JS) (GRB), DE 15 (E.D.N.Y. May 14, 2014).) Most of Plaintiff's claims in that lawsuit were dismissed with prejudice at the motion to dismiss stage, *Jones-Khan v. Westbury Bd. of Educ.-Westbury Union Free Sch. Dist.*, No. 13-CV-7144 (JS) (GRB), 2015 WL 1529839 (E.D.N.Y. Mar. 31, 2015), while the remaining claims were dismissed on summary judgment, *Jones-Khan v. Westbury Bd. of Educ.-Westbury Union Free Sch. Dist.*, No. 13-CV-7144 (JS) (GRB), 2017 WL 1483522 (E.D.N.Y. Apr. 25, 2017). As such, Defendant's *res judicata* and collateral estoppel arguments appear strong, weighing in favor of a stay of discovery.

*Second*, Plaintiff's Title VII and ADEA claims against the individual Defendants seem to be baseless. Judge Seybert, during Plaintiff's first bite of the apple, dismissed Plaintiff's federal civil rights claims against the individual defendants, noting that "individuals are not subject to liability under either Title VII or the ADEA." *Jones-Khan I*, 2015 WL 1529839 at *4 (citing cases). That principle applies in full force here. Accordingly, Defendants make a strong showing that Plaintiff's Title VII and ADEA claims asserted against the individual Defendants lack merit, supporting their application for a stay of discovery.

*Finally*, each of Plaintiff's state law claims appear to be time-barred in one way or another. New York law provides a one-year statute of limitations for actions against schools, school districts and their officers, and boards of education and their officers. *Dimitracopoulos v. City of N.Y.*, 26 F. Supp. 3d 200, 211 (E.D.N.Y. 2014) (citing N.Y. Educ. Law § 3813(2-b)). Because principals and other school administrators are not considered "officers," NYSHRL's three-year statute of limitations period applies to such defendants for state law discrimination claims. *Id.* (citing N.Y. C.P.L.R. § 214(2)). While certain named Defendants are subject to the one-year statute of limitations—such as Defendant Dickerson and Defendant Budhai—and others are subject to the three-year limitation period—such as Defendant Zimbler and Defendant Crawford—all NYHRL claims appear to be barred given that the alleged conduct occurred, at latest, in 2013, more than *eight* years ago. And, because the statute of limitations for breach of contract actions in New York is six years, *see* N.Y. C.P.L.R. § 214(3),

5

Plaintiff's breach of contract claim likewise appears barred.  Thus, Defendants' contentions concerning the timeliness of Plaintiff's state law claims, too, weigh in favor of imposing the stay.

In short, Defendants have made a strong showing that their 12(b)(6) claims may be meritorious. The Court also finds that a stay of discovery in this case will promote efficiency and judicial economy, particularly because the parties litigated these same claims approximately eight years ago—with certain claims reaching the summary judgment stage—and, given that the conduct giving rise to this action took place most recently in 2013, the breadth of discovery has the potential to be wide-ranging.  Plaintiff has not pointed to any risk of prejudice that she would face should a stay be imposed.  Under these circumstances, good cause exists to warrant a stay.

Defendants' motion for a stay of discovery pending the resolution of their motion to dismiss is therefore GRANTED.

Dated:   Central Islip, New York
         September 21, 2021

S O   O R D E R E D:

/s/ *James M. Wicks*
       JAMES M. WICKS
   United States Magistrate Judge