UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

-------------------------------------------------------------X

GLORIA E. JONES-KHAN,

Plaintiff,

-against-

WESTBURY BOARD OF EDUCATION - PLESS
DICKERSON, WESTBURY UNION FREE
SCHOOL DISTRICT – EUDES S. BUDHAI,
DAVID ZIMBLER, FELICIA CRAWFORD,
and LUIS SALAZAR,

Defendants.

-------------------------------------------------------------X

<u>**MEMORANDUM & ORDER**</u>
21-CV-3908 (JMA) (JMW)

FILED
CLERK

2:49 pm, Jan 31, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the defendants'[1] unopposed motion to dismiss the complaint filed by

<u>pro se</u> plaintiff Gloria E. Jones-Khan ("Plaintiff").   For the reasons that follow, the complaint is

dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) against all

Defendants except Luis Salazar.   The claims against Salazar are dismissed without prejudice.

## I. BACKGROUND

**A. <u>Procedural History</u>**

On July 21, 2021, Plaintiff commenced this action against the Westbury Board of

Education (the "Board"), the Westbury Union Free School District (the "District"), Pless

Dickerson ("Dickerson"), Eudes S. Budhai ("Budhai"), David Zimbler ("Zimbler"), Felicia

Crawford ("Crawford" and collectively, the "District Defendants"), and Luis Salazar ("Salazar").

Plaintiff's complaint alleges, <u>inter alia</u>, employment discrimination and retaliation claims pursuant

to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e, <u>et seq.</u> ("Title VII"),

the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 <u>et seq.</u>, and the

---

[1] The motion is on behalf of all of the defendants other than Luis Salazar, who has not appeared in this action.

New York State Human Rights Law ("NYSHRL"), as codified, N.Y. Exec. Law § 290, et seq. (ECF No. 1.)

On August 17, 2021, the District Defendants filed a letter requesting a pre-motion conference in anticipation of moving to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).   (ECF No. 6.)   Plaintiff did not oppose that request, and, on October 6, 2021, the Court waived the pre-motion requirement and set following briefing schedule: "Defendants shall serve their motion to dismiss by October 31, 2021.   Plaintiff shall serve her opposition papers on Defendants by November 30, 2021.   Defendants shall serve their reply by December 14, 2021 and, once the motion is fully briefed, shall file the fully briefed motion with the Court."   (See Electronic Order, dated October 6, 2021 ("EO")).   The EO was mailed to Plaintiff at her address of record and has not been returned as undeliverable.

Notably, also on October 6, 2021, the Court entered an Order finding Plaintiff's attempt to serve Salazar, a former District security consultant, at the District's offices, was ineffective and ordered Plaintiff to, by October 27, 2021, properly serve Salazar and file proof of such service or, by that date, submit a letter demonstrating good cause why proper service on Salazar has not been effected.   (ECF No. 27.)   Plaintiff was also warned that her "[f]ailure to abide by this Order will result in dismissal of Plaintiff's claims against Salazar without prejudice."   (Id.)   This Order was also mailed to the Plaintiff at her address of record and, by letter dated October 18, 2021 (filed on October 27, 2021), Plaintiff responded.   (See ECF No. 28.)   Rather than comply with the Court's Order, Plaintiff continued her mistaken assertion that service on Salazar was properly effected by leaving papers for him at the District's offices.   (Id.)   Accordingly, Plaintiff's claims against

Salazar are now dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).[2]

On December 13, 2021, the District Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("the motion") claiming that, inter alia, Plaintiff's claims: (1) are barred by the doctrines of res judicata and collateral estoppel; (2) are barred by the applicable statute of limitations; and (3) fail to state a claim upon which relief may be granted.   Plaintiff has not filed any substantive opposition to the motion despite it having been served on her.   (See ECF No. 34.)   Rather, by letter dated January 3, 2022, Plaintiff acknowledged the motion and requested that the Court "render[] a decision."[3]   (See ECF No. 37.) !

## B.   **The Complaint[4]**

This action arises from the termination of Plaintiff's employment as a substitute teacher at the District's middle school in 2013.   (Compl., generally, and ¶¶ 11, 70.)   Plaintiff is presently a seventy-four-year-old female.   (Id. ¶¶ 8, 30.)   On September 1, 2008, Plaintiff received a "provisional Public School Teacher Certification," which was valid for five years and permitted

---

[2] Annexed to Plaintiff's letter is an excerpt apparently from Board meeting minutes from March 17, 2016 that reflect that the Board approved a consultant contract for Salazar for the period of January 1, 2016 to June 30, 2016. (See ECF No. 28 at 11, Ex. "C").  Further, by letter dated October 27, 2021, the District's attorney confirmed that Salazar is not an active employee of the District nor has he served in a consultant role since the 2019/20 school year. (See ECF No. 29.)  Thus, Plaintiff's attempted service on Salazar at the District's offices is ineffective.

[3]  On January 14, 2022, Plaintiff filed a one-page letter addressed to Magistrate Judge Wicks "in response to the Defendant's attorney['s] letter dated December 11, 2021" and has annexed a copy of her October 18, 2021 letter. (ECF Nos. 28, 38-39.)   Plaintiff asserts "Defendant's attorney has not offered any documentary evidence to support his claim for the court to support the Motion for Dismissal.   The Defendant's attorney continues to waste the court's valuable time by presenting frivolous claims.   Further, my claims against the defendant were never rebutted or counter proof."   (ECF Nos. 38-39 at 1.)   Even if the Court were to consider this untimely filing, Plaintiff's brief and conclusory letter does not at all address preclusion and the other grounds for dismissal raised by Defendants.   Rather, Plaintiff continues to rely on her October 18, 2021 letter in an attempt to demonstrate that service upon Salazar at the District was proper (see ECF Nos. 38-39 at Ex. A), notwithstanding the Court's October 6, 2021 Order (ECF No. 27) that already determined such service was improper.

[4] The following facts are taken from the complaint and are presumed to be true for the purposes of this Memorandum and Order.

3

her to work as a substitute teacher in New York State public schools.  (Id. ¶¶ 18-19.)   In 2010, the District hired Plaintiff as a permanent substitute teacher at Westbury Middle School.   (Id. ¶¶ 21, 23.)   The District was aware that Plaintiff held a "School Attendance Teacher Certificate," and an employee of the District "informed [her] that based on her teaching certificate[,] she was qualified for the substitute teacher position."   (Id. ¶¶ 21-22.)

Sometime in 2011, unidentified "members of the [District's] administration" asked Plaintiff to write a "negative reference letter" against a "former administrator who was at the time subject to disciplinary proceedings."   (Id. ¶ 32.)    According to the complaint, Plaintiff "refused" the request to write that letter, and instead, "voiced my opposition."   (Id.)   Plaintiff "aided the former administrator with his defense and/or claims . . .   and represented a strong advocate of the former administrator in his plight to clear his name."   (Id. ¶ 33.)   The District and Zimbler[5] were aware of Plaintiff's support for the former administrator because Plaintiff "openly discussed her support of [him] amongst her peers[,] and Defendant Zimbler."   (Compl. ¶¶ 34-35.)   Plaintiff alleges that Zimbler made it clear that he did not want Plaintiff to support the former administrator, allegedly telling Plaintiff "that he wanted nothing to do with the former administrator and that it was his school now."   (Id. ¶ 36.)

Later that year, Plaintiff proposed and the District implemented an in-school suspension program and a new permanent teaching position to monitor suspended students (the "In-School Suspension Position").   (Id. ¶¶ 39-40.)   Plaintiff asked to be reassigned to the In-School Suspension Position since, according to Plaintiff, "she created the [in-school suspension] program and was overly qualified for [the] position."   (Id. ¶ 41.)

---

[5]  Plaintiff alleges that Zimbler was the principal. (Id. ¶ 10.)

Plaintiff contends that the District terminated her shortly thereafter to avoid having to promote her to the In-School Suspension Position.   (Id. ¶¶ 42-44.)   She alleges that the District originally informed her that it no longer had a need for permanent substitute teachers and that she could apply for a per diem position instead.   (Id. ¶ 42-43.)   However, during a subsequent "administrative hearing involving [the District]" in August 2010, Plaintiff allegedly "access[ed]" an "employment sheet which indicated that [she] was terminated" and replaced with a younger guidance counselor, Freddie Perez ("Perez").   (Id. ¶ 46.)   Plaintiff then called the Westbury Middle School administrative office for an explanation and informed the office that she would file a discrimination charge against the District "for its willful violation of employment laws."   (Id. ¶¶ 47-49.)   Approximately two weeks later, the District rehired Plaintiff as a permanent substitute teacher.   (Id. ¶ 50.)

Approximately two-and-a-half years later, on February 14, 2013, Zimbler held a "close[d]-door meeting" with Plaintiff and "several other administrators of the Westbury Middle School." (Id. ¶ 53.)   During the meeting, Zimbler accused Plaintiff of calling students "stupid and dumb." (Id. ¶ 55.)   Plaintiff denied making "any inappropriate comments to students," but Zimbler "berate[d], harass[ed], ridicule[d] and further intimidate[d] Plaintiff for no legitimate reason whatsoever."   (Id. ¶ 57.)   Plaintiff claims that Zimbler did not "treat[ ]" Plaintiff's "Caucasian counterparts" in the same manner.   (Id. ¶ 59.)   Zimbler also allegedly told Plaintiff that he had "dealt with [her] kind before."   (Id. ¶ 60.)   Plaintiff alleges that this was a reference to her "nationality, age, status as a 60 plus year old female woman."   (Id.)   According to the complaint, Zimbler and Crawford[6] "stated [Plaintiff] caused major problems in the Middle School and

---

[6] Crawford is alleged to be an assistant principal.   (Id. ¶ 10.)

[Plaintiff] needed to retire immediately or else." (Id. ¶ 61.) Plaintiff further alleges they both stated: "[Plaintiff is] too old to do the job and [][is] a problem to everyone here." (Id.)

Plaintiff alleges to have reported Zimbler's alleged "discriminatory behavior" to Crawford who allegedly told Plaintiff that "she could not worry about [Plaintiff's] issues because she had herself to worry about." (Id. ¶ 63.) Crawford is further alleged to have instructed Plaintiff to "just sign the paper presented by [] Zimbler and her and it will all go away." (Id. ¶ 64.) Plaintiff also complained to the Board, but the Board did nothing to correct the alleged discriminatory conduct. (Id. ¶¶ 66, 69.)

On March 8, 2013, Plaintiff's employment was "terminated because [Plaintiff] failed to hold the appropriate certification for the permanent substitute position, although [the District] knew or had reason to know that I held that very same certificate during my entire tenure with the [] District and that I had been rehired, not once, but twice, with the very same teaching certificate." (Id. ¶ 70.)

As a result of the foregoing, Plaintiff alleges the following claims: (1) disparate treatment based on nationality, age, and gender, in violation of Title VII;[7] (2) disparate treatment based on age in violation of the ADEA; (3) retaliatory discharge in violation of Title VII; (4) discrimination

---

[7] Although age-based claims are properly brought pursuant to the ADEA, Plaintiff also includes such claims as brought pursuant to Title VII. Given that age is not a characteristic protected by Title VII, any such claims alleged pursuant to Title VII are not cognizable and are thus dismissed. 42 U.S.C. §§ 2000e to 2000e-17 (It is unlawful for an employer "to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."). Further, although Plaintiff alleges claims of discrimination based on her nationality, she has not identified her nationality (or race) in the present complaint. (See ECF No. 1 at ¶¶ 29-30.) Indeed, the section entitled "My Membership in Protected Class" alleges only "I was a member of a protected class and/or group, especially those 60+years old females qualified for the position sought and maintained. . . . I am a 73-year-old-female, being born on June 21, 1948." (Id.) The Court notes that Plaintiff's amended complaint filed in her 2013 action alleged that she is African-American. (See Jones-Khan I, Am. Compl., ECF No. 15 at ¶ 8.)

based on nationality and age in violation of the NYSHRL; and (5) breach of contract under New York state law.   (Compl. ¶¶ 73-112.)

## C. **Plaintiff's Prior Federal Litigation[8]**

Approximately nine months after her termination, Plaintiff, who was then-represented by counsel, filed a complaint in this Court on December 12, 2013, <u>Jones-Khan v. Westbury Bd. Of Educ.-Westbury Union Free Sch. Dist.</u>, No. 13-CV-7144(JS)(GRB), 2015 WL 1529839 (E.D.N.Y) ("Jones-Khan I" at ECF No. 1), against the District, the Board, and Zimbler.   The defendants moved to dismiss and, rather than oppose the motion, Plaintiff filed an amended complaint alleging claims of discrimination based on race, color, national origin, sex, religion, and age as well as retaliation claims pursuant to Title VII and the ADEA, and related state law claims under the NYSHRL[9] and for breach of contract.   (Jones-Khan I, Am. Compl., ECF No. 15, ¶¶ 87-89, 100, 109, 111-12, 118-19, 131.)   The defendants then filed a partial motion to dismiss, which Plaintiff opposed, and by Memorandum and Order dated March 31, 2015, District Judge Joanna Seybert dismissed: (1) all claims under Title VII and the ADEA against Zimbler;[10] (2) the failure to promote claims under Title VII and the ADEA against the District;[11] (3) the retaliatory discharge claim under Title VII against the District based on Plaintiff's alleged complaints regarding

---

[8]  The Court takes judicial notice of the filings on the Court's public docket in Plaintiff's prior, related litigation.   <u>See</u> <u>Glob. Network Comm'ns, Inc. v. City of New York</u>, 458 F.3d 150, 157 (2d Cir. 2006) (courts may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings).

[9]  Plaintiff's NYSHRL claim alleged discrimination on account of Plaintiff's "race, age, ethnic background/and/or nationality."   (Jones-Khan I, ECF No. 15 at ¶ 131.)

[10]  The Court dismissed these claims with prejudice because "individuals are not subject to liability under either Title VII or the ADEA."   (Jones-Khan I, ECF No. 22 at 11.)

[11]  These claims were dismissed because they were either barred by the applicable statute of limitations and/or unexhausted.   (<u>Id.</u> at ECF No. 22 at 14-19.)

Zimbler's alleged discriminatory conduct;[12] (4) all claims under the NYSHRL;[13] and (5) the breach of contract claim against the District and Zimbler.[14]   (Jones-Khan I, ECF Nos. 16-17, 20-22.)   Judge Seybert determined that amendment of these claims would be futile, and therefore she dismissed these claims with prejudice.   (Jones-Khan I, ECF No. 22 at 32).   Judge Seybert denied defendants' motion to dismiss with respect to Plaintiff's retaliatory discharge claim under Title VII against the District based on Plaintiff's alleged support of the former school administrator. (Id.)   Further, because the District had not moved to dismiss Plaintiff's disparate treatment claims under Title VII or the ADEA, those claims too remained.   (Id.)   In the absence of any claims remaining against Zimbler, Judge Seybert directed that the Clerk of the Court terminate him as a defendant in that action.   (Id.)

Following the conclusion of discovery, on October 17, 2016, the remaining defendants - - the District and the Board - - moved for summary judgment, which Plaintiff opposed, and the motion was fully briefed on January 27, 2017.   (Jones-Khan I, ECF Nos. 49, 58, 62.)   By Memorandum and Order dated April 25, 2017, Judge Seybert granted the motion for summary judgment in its entirety.   (Jones-Khan I, ECF No. 64.)   Judge Seybert dismissed Plaintiff's discrimination claims brought pursuant to Title VII and the ADEA because Plaintiff did not establish that she was qualified for her position and because her termination did not occur under circumstances giving rise to an inference of discrimination.[15] (Jones-Khan I, ECF No. 64 at 20-

---

[12]  This claim was dismissed with prejudice as unexhausted at the administrative agency.   (Id. at ECF No. 22 at 27.)

[13]  The NYSHRL claims were dismissed with prejudice because they were barred by the election of remedies doctrine and thus Plaintiff was precluded from re-litigating them.   (Id. at ECF No. 22 at 28-30.)

[14]  This claim too was dismissed with prejudice given that Plaintiff's at-will employment relations precluded a breach of contract claim under New York state law.   (Id. ECF. No. 22 at 31.)

[15]  The Court found that "Plaintiff's school attendance teacher certificate did not render her qualified for the position

27.)   Judge Seybert also dismissed the Title VII retaliatory discharge claim, finding Plaintiff did not satisfy the requirements that she "engaged in protected activity" and that "the employer was aware of this activity."   (Jones-Khan I, ECF No. 64 at 27-30.)   Judgment was entered also on April 25, 2017 and Plaintiff did not appeal.   (Jones-Khan I, ECF No. 65.)

## D.   The District Defendants' Motion to Dismiss the Present Complaint

The District Defendants have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) claiming that Plaintiff's claims: (1) are barred by the doctrines of res judicata and collateral estoppel; (2) brought against the individuals pursuant to the Title VII and/or the ADEA fail to state a claim; (3) pursuant to the NYSHRL against Dickerson and Budhai are barred based on Plaintiff's failure to comply with N.Y. Education Law § 3813's notice of claim and statute of limitations requirements; and (4) that remain are time-barred.   (See ECF No. 33.)

## II. DISCUSSION

## A. Standard of Review

The Court is mindful that when considering a motion to dismiss a pro se complaint, the Court must construe the complaint "liberally" and interpret it "to raise the strongest arguments that [it] suggest[s]."   Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal citation and quotation marks omitted).   Nonetheless, "mere conclusions of law or unwarranted deductions need not be accepted."   Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).   Indeed, even a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its

---

of permanent substitute teacher" and that she did not rebut the defendants' "legitimate, non-discriminatory reason for her termination - - her lack of appropriate certification."   (Jones-Khan I, ECF No. 64 at 20, 22.)

face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a claim when a plaintiff fails to allege facts sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Fed. R. Civ. P. 12(b)(6).   A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).   Mere labels and legal conclusions will not suffice.   Twombly, 550 U.S. at 555.   In reviewing a motion to dismiss, the Court must accept "as true the complaint's factual allegations and draw[ ] all inferences in the plaintiff's favor." Karedes v. Ackerley Grp., Inc., 423 F.3d 107, 113 (2d Cir. 2005).   Motions to dismiss invoking res judicata and collateral estoppel are properly brought under Rule 12(b)(6).   See Hirsch v. Desmond, No. 08-CV-2660, 2010 WL 3937303, at *2 (E.D.N.Y. Sept. 30, 2010) (collateral estoppel); Wiercinski v. Mangia 57, Inc., No. 09-CV-4413, 2010 WL 2681168, at *1 (E.D.N.Y. July 2, 2010) (res judicata).

**B.  Preclusion**

Defendants argue that all of Plaintiff's claims should be dismissed because they are barred by the doctrines of res judicata and collateral estoppel.   The Court agrees.

**1.  Res Judicata**

"[R]es judicata 'bars a subsequent action - - involving either the same plaintiffs or parties in privity with those plaintiffs - - from asserting claims that were, or could have been, raised in a prior action that resulted in an adjudication on the merits."   Preacely v. City of New York, 622 F.

10

App'x 14, 15 (2d Cir. 2015) (summary order) (quoting Bank of New York v. First Millennium, Inc., 607 F.3d 905, 918 (2d Cir. 2010)).   "The res judicata bar extends to all . . . claims arising out of the same transaction or series of transactions . . ., even if based upon different legal theories or seeking a different remedy."   Ricks v. Brown, No. 20-CV-00043-LJV-HBS, 2020 WL 5628969, at *2 (W.D.N.Y. Sept. 21, 2020) (internal quotation marks and citation omitted).   "A district court has not only the power but the obligation to dismiss complaints . . . on res judicata grounds when the litigation history triggers it."   Caldwell v. Pesce, 83 F. Supp. 3d 472, 481 (E.D.N.Y. 2015) (citing Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993)), aff'd, 639 F. App'x 38 (2d Cir. 2016).   Pro se litigants are equally bound by the doctrine of res judicata.   Done v. Wells Fargo Bank, N.A., No. 08-CV-3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009).

The doctrine of res judicata prevents a claim from being relitigated if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff[] or those in privity with [her]; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."   Soules v. Conn. Dep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 55 (2d Cir. 2018) (internal quotation marks omitted); First Millennium, Inc., 607 F.3d at 918.

### a.  Prior Adjudication on the Merits

Where there has already been "a final judgment on the merits", res judicata "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014).   A claim dismissed on a motion pursuant to Rule 12(b)(6) or at the summary judgment stage pursuant to Rule 56 is a final judgment and a dismissal on the merits for purposes of res judicata.   See, e.g., Michaelesco v. Est.

of Richard, 355 F. App'x 572, 573 (2d Cir. 2009) (summary order) (12(b)(6) dismissal as time-barred was an "on the merits dismissal" for res judicata purposes); Berrios v. N.Y. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) ("As the sufficiency of a complaint to state a claim on which relief may be granted is a question of law, the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects.") (internal citation omitted); Skarzynska v. New York Bus. Dev. Corp., No. 15-CV-00140, 2017 WL 1247882, at *6 (E.D.N.Y. Mar. 31, 2017) ("[S]ummary judgment constitutes a final judgment on the merits for purposes of res judicata.") (quotation marks and citation omitted).

There is no doubt that there was a final prior adjudication on the merits.   By Memorandum and Order, dated March 31, 2015 and April 25, 2017, respectively, (Jones-Khan I, ECF Nos. 22, 64), District Judge Seybert dismissed Plaintiff's Title VII, ADEA, NYSHRL, and breach of contract claims in their entirety with prejudice either on a 12(b) motion to dismiss or on summary judgment.   (Id.)   Thus, Plaintiff has already fully and finally litigated these claims arising from her employment, and termination thereof, with the District.   See Jones-Khan I, generally.   Thus, the first requirement is met.

   b.  **The Previous Action Involved the Same Parties or their Privies**

Res judicata "bars a subsequent action - involving either the same plaintiffs or parties in privity with those plaintiffs - from asserting claims that were, or could have been, raised in a prior action that resulted in an adjudication on the merits."   Bank of New York v. First Millennium, Inc., 607 F.3d 905, 918 (2d Cir. 2010).   This prong is clearly met as Plaintiff brought both actions and is the party against who res judicata is invoked.   And, Plaintiff's inclusion of additional individual defendants who are employed by the District (Dickerson, Budhai, and Crawford) does

not circumvent res judicata's re-litigation bar.   Rather, because these new defendants are in privity with the defendants in the first suit, this prong is met.   See Jackson v. Connecticut Dep't of Pub. Health, 795 F. App'x 64, 66 (2d Cir. 2020) (summary order) (affirming dismissal on res judicata grounds where defendants in the second suit were in privity with the defendants in the first suit); Kern v. Joyce, No. 19-CV-01106(LJV)(JJM), 2020 WL 4340275, at *4 (W.D.N.Y. Apr. 20, 2020), report and recommendation adopted, No. 19-CV-1106, 2020 WL 4338886 (W.D.N.Y. July 28, 2020), aff'd, 857 F. App'x 691 (2d Cir. 2021) ("[A]lthough defendant Linda Joyce was not expressly a party to the Article 78 proceeding, as the Director of the Central Register - a party to that action - privity bars relitigation of the claims against her.") (citing Leo v. New York City Department of Education, 2014 WL 6460704, *4 (E.D.N.Y. 2014) ("[W]hile Attilio was not previously a party, as an 'employee[ ] of [a party to the initial action], the principle of privity bars relitigation of these claims' against him as well") (additional citation omitted)); Rafi v. Yale Univ. Sch. of Med., No. 3:18-CV-635 (AWT), 2020 WL 4339474, at *7 (D. Conn. July 28, 2020) ("For purposes of claim preclusion, the employer-employee relationship between Yale and Bale satisfies the privity requirement for matters within the scope of employment.") (citing Houdet v. U.S. Tennis Ass'n, 13-CV-5131 (FB) (LB), 2014 WL 6804109 at *9-10, (E.D.N.Y. Dec. 3, 2014) (concluding that employees acting in the scope of their employment "have a sufficiently close relationship" with the employer who was sued in an earlier action "to justify application of res judicata") (citing 18 Moore's Federal Practice § 131.40[3][f] (Matthew Bender 3d Ed.) ("Generally, an employer-employee . . . relationship will provide the necessary privity for claim preclusion with respect to matters within the scope of the relationship."   Thus, the Court next considers the last requirement.

### c. Claims Asserted in the Subsequent Action Were, or Could Have Been, Raised in the Prior Action

Plaintiff's current claims were largely already raised - - or could have been raised in her prior case because the basis of both actions is identical - - i.e., whether Plaintiff suffered discrimination and/or retaliation during her employment with the District and her termination therefrom.   As both actions stem from that employment, Plaintiff's current Title VII, ADEA, NYSHRL and breach of contract claims could have been or were raised in that proceeding. See Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 206 (2d Cir. 2002) ("[Plaintiff] could have brought that cause of action in her prior action. Accordingly, the claims in her second . . . complaint are now barred by res judicata. . . ."); L–Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999) (concluding that claims were barred by res judicata when plaintiff's "new claims [were] based on different legal theories rather than different facts and, accordingly, could have been raised in the original complaint").   Therefore, all of the requirements of res judicata are met and Plaintiff's complaint is dismissed in its entirety on res judicata grounds.

### 2. Collateral Estoppel

Collateral estoppel "bars the relitigation of an issue that was raised, litigated, and actually decided by a judgment in a prior proceeding, regardless of whether the two suits are based on the same cause of action."   Griffin v. Sirva, Inc., 291 F. Supp. 3d 245, 251-52 (E.D.N.Y. 2018) (citing Postlewaite v. McGraw-Hill, 333 F.3d 42, 48 (2d Cir. 2003)).   This doctrine bars the present suit. Whether Plaintiff experienced discrimination, wrongful termination, or retaliation during her employment with the District has already been adjudicated on the merits.   (See Jones-Khan I, ECF Nos. 22, 64).   The only differences are that, in the present suit, Plaintiff has narrowed her theory of discrimination here to only age, national origin, and gender and has added Dickerson, Budhai,

14

Crawford, and Salazar as defendants.   But a party may not "relitigat[e] identical issues by merely switching adversaries."   <u>Parklane Hosiery Co., Inc.</u>, 439 U.S. 322, 329 (1979) (internal quotations omitted).

In Plaintiff's prior case, her discrimination and retaliation claims were all dismissed, with prejudice, at either the motion to dismiss stage or at summary judgment.   For example, on summary judgment, Judge Seybert found that Plaintiffs' discrimination claims failed because she was no longer qualified for her position upon the expiration of her temporary teaching certification. (Jones-Khan I, ECF No. 64 at 20-22.)   Judge Seybert also found that Plaintiff failed to establish that this non-discriminatory reason for her termination was a pretext for discrimination.. Moreover, Judge Seybert dismissed Plaintiff's retaliatory discharge claims failed because she did not engage in protected activity.   (<u>Id.</u> at 28-30.)   Further, Judge Seybert previously held that, as a matter of law, there is no individual liability under Title VII or the ADEA (Jones-Khan I, ECF No. 22 at 11) and that law has not changed.   Moreover, any NYSHRL and breach of contract claims were previously dismissed as time-barred or as not cognizable.   (<u>See</u> Jones-Khan I, ECF Nos. 22, 64.)   Simply put, Plaintiff is not entitled to relitigate issues concerning her employment and termination in a second lawsuit.   Since Plaintiff has already fully litigated the discrimination, wrongful termination, and retaliation issues - - and lost - -, she may not raise them again simply by narrowing her theory and adding individual defendants.   Accordingly, collateral estoppel also precludes re-litigation of these issues, even against newly-added defendants.

### 3.   <u>Plaintiff's Claims Also Fail on Other Grounds</u>

Even if <u>res</u> judicata and collateral estoppel did not apply, any Title VII and ADEA claims against Dickerson, Budhai, Crawford, Zimbler and Salazar would also fail as matter of law

because—as Judge Seybert explained in dismissing such claims against Zimbler with prejudice— "[i]ndividuals are not subject to liability under either Title VII or the ADEA."   ECF No. 15 at 11 (citing Almontaser v. N.Y. City Dep't of Educ., No. 13-CV-5621, 2014 WL 3110019, at *3 (E.D.N.Y. July 8, 2014) ("[I]ndividuals are not subject to liability under either Title VII or the ADEA." (citing Guerra v. Jones, 421 F. App'x 15, 17 (2d Cir. 2011) (ADEA); Patterson v. Cnty. of Oneida, 375 F.3d 206, 221 (2d Cir. 2004) (Title VII))).   Because there is no individual liability under either statute, Plaintiff's Title VII and ADEA claims against Dickerson, Budhai, Crawford, and Zimbler fail to state a claim and are dismissed with prejudice on that ground as well.   The Title VII and ADEA claims against Salazar would also be dismissed on this ground.

Additionally, Plaintiff's Title VII, NYSHRL, and breach of contract claims are also time-barred.   All of Plaintiff's claims arise out of events that culminated in her termination on March 8, 2013—which occurred eight years prior to the filing of the instant complaint.

Plaintiff's complaint indicates that she filed a single charge with the EEOC and received a right-to-sue letter for that charge on September 20, 2013.   (Compl. ¶¶ 6–7.)   For Plaintiff's Title VII claims, she was required to file a charge of discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice occurred," 42 U.S.C. § 2000e-5(e)(1), and was then required to file an action in federal court within 90 days of receiving a right-to-sue letter from the agency, id. § 2000e-5(f)(1).   Rodriguez v. Hudson Valley Chrysler, No. 20-CV-09646, 2021 WL 5910173, at *2 (S.D.N.Y. Dec. 14, 2021).   Because this new action was filed more than 90 days after the EEOC's right-to-sue letter, Plaintiff's Title VII claims are time-barred.

Defendants assert that Plaintiff's NYSHRL claims are barred because she failed to comply with the applicable notice of claim requirement and the statute of limitations.   The Court agrees. Plaintiff's NYSHRL claims against Dickerson and Budhai fail because Plaintiff did not comply with New York's notice of claim requirement.[17]   Moreover, all of Plaintiff's NYSHRL claims are time-barred whether the relevant statute of statute of limitations is one year or three years.   See N.Y. C.P.L.R. § 214(2) (three-year statute of limitations); N.Y. Educ. Law § 3813(2-b) (the New York Education Law expressly provides that "notwithstanding any other provision of law providing a longer period of time in which to commence an action[,] . . . no action . . . shall be commenced against any [board of education or officer thereof] more than one year after the cause of action arose[.]").   Plaintiff's present complaint, filed on July 12, 2021, complains of conduct alleged to have occurred during the period 2010 through 2013.   Thus, any claims brought pursuant to the NYSHRL are untimely.

Finally, any state law breach-of-contract claim is likewise well-beyond the six-year statute of limitations for such claims.   Moreover, Plaintiff's breach of contract claim lacks merit.   As Judge Seybert made clear, "Plaintiff was an at-will employee and therefore cannot maintain a claim for breach of contract under New York law." (ECF No. 22 at 31.)

---

[17]   Section 3813 requires, as a condition precedent, that a notice of claim be presented prior to bringing an employment discrimination claim against a "school officer."   N.Y. Educ. Law. § 3813(1).   A "school officer" includes a superintendent or "any other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system."   N.Y. Educ. Law § 1(13).   This notice of claim requirement applies to actions brought under the NYSHRL.   See, e.g., Benedith v. Malverne Union Free Sch. Dist., 38 F. Supp. 3d 286, 311 (E.D.N.Y. 2014).   Both Dickerson (a Trustee of the District's Board) and Budhai (a Superintendent) are school officers and Plaintiff has not served the District with a Notice of Claim naming these individuals. Rather, Plaintiff's Notice of Claim, dated October 17, 2013, names only the Board, the District, and Zimbler.   (See "Ex. E".)

**C.**     **<u>Leave to Amend</u>**

A <u>pro se</u> plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Shomo v. City of New York</u>, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Although "<u>pro se</u> plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." <u>Hassan v. U.S. Dep't of Veterans Affairs</u>, 137 F. App'x 418, 420 (2d Cir. 2005).

Here, the Court has carefully considered whether Plaintiff should be granted leave to further amend the complaint. Plaintiff's claims are precluded by, <u>inter alia</u>, the doctrines of <u>res judicata</u> and <u>collateral estoppel</u>, the applicable statutes of limitation and notice of claim requirements, and/or or that they fail to state a claim for relief. Accordingly, the Court finds that any further amendment of Plaintiff's claims would be futile. Consequently, the Court declines to grant Plaintiff leave to further amend.

**D.   <u>Litigation Injunction Under the All Writs Act</u>**

Given Plaintiff's litigation history in this court, the Court has considered whether to enter a litigation injunction against Plaintiff. For the reasons that follow, the Court declines to enter a litigation injunction at this time. However, Plaintiff is on notice that, should she continue to challenge the termination of her employment with the District in this Court, a litigation injunction may be entered upon notice and an opportunity to be heard.

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to

18

enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

The instant case is Plaintiff's second in the United States District Court for the Eastern District of New York relating to the termination of her employment with the District. The present case is remarkably similar to her original case and the claims presented suffer from the same fatal defects the Court identified in Jones-Khan I. This history of frivolous litigation suggests that Plaintiff may file another action here concerning this subject. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alteration omitted).

Given Plaintiff's pro se status and her probable unfamiliarity with the doctrines of res judicata and collateral estoppel, the Court declines to enter a litigation injunction at this time. However, now that Plaintiff is being fully advised of the frivolous nature of her lawsuit, future, duplicative lawsuits filed by Plaintiff will not be tolerated by the Court. Plaintiff is cautioned that sanctions may be imposed, including in the form of a litigation injunction, should she continue in

this course of conduct.[18]   Should Plaintiff file another complaint in the federal district court relating to the termination of her employment with the District, the Court will order Plaintiff to show cause why a litigation bar should not be entered.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . ."), and should she file another action relating to the termination of her employment with the District, it is within the Court's authority to consider imposing sanctions upon her.   See Fed. R. Civ. P. 11; In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).

### III. CONCLUSION

For the reasons stated above, the Court grants Defendants' motion to dismiss the complaint against all Defendants besides Salazar pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismisses those claims with prejudice.   Plaintiff's claims against Salazar are dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and

---

[18]   If Plaintiff had properly served Salazar, her claims against Salazar would surely have been dismissed with prejudice.   Accordingly, Plaintiff is warned that if she were to file another suit against Salazar, it will result in the Court ordering Plaintiff to show cause why:  (1) a litigation bar should not be entered against her; and (2) why sanctions should not be entered against her for pursuing frivolous litigation.

therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).   The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to close this case.

**SO ORDERED.**

Dated:   January 31, 2022
          Central Islip, New York

                                        /s/   (JMA)
                                JOAN M. AZRACK
                                UNITED STATES DISTRICT JUDGE

!